Kathleen M. Walker (SBN 202185)
kathleen@thorn-crest.com
ThornCrest Law
1310 Rosecrans St.
Suite B
San Diego, California 92106
619-871-1237

Attorneys for Plaintiff P&P Imports, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| P&P Imports, LLC<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BigMouth, LLC,<br><br>　　　　Defendant. | Case No.:　8:17-CV-1109<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND NONINFRINGEMENT OF DESIGN PATENT** |

## COMPLAINT

1.　Plaintiff, P&P Imports, LLC ("P&P") is a California limited liability company, with its principal place of business in Santa Ana, California.

2.　Defendant, BigMouth, LLC ("Big Mouth") is an Indiana limited liability company and is registered in the State of Connecticut as a foreign entity with its principal place of business in Glastonbury, Connecticut.

3. Jurisdiction of this Court arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338. There is an actual and continuing controversy between the parties based on Defendant's assertion and enforcement of its design patent US D759,182 and Plaintiff's assertion that said design patent is invalid and not infringed by Plaintiff.

4. This Court has personal jurisdiction over Defendant Big Mouth. Big Mouth has transacted business within the State of California and in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. On June 14, 2016, U.S. Letter Patent No. D759,182 S entitled "Flamingo Float" (the "Patent") was issued to BigMouth, Inc., a forfeited Connecticut corporation as assignee. On information and belief, BigMouth, Inc. assigned the Patent to Defendant BigMouth on or about November 18, 2016. A true and correct copy of the Patent is attached hereto as Exhibit A.

6. The inventor of the Patent is Stephen Wampold. On information and belief, Mr. Wampold is or was associated with BigMouth, Inc. and BigMouth, LLC and has previously purchased products for resale from Plaintiff P&P. On information and belief, Mr. Wampold is or should have been aware of Plaintiff's flamingo floats.

7. Plaintiff P&P has made and/or offered for sale within the past six years and since the issuance of said Letters Patent, certain products entitled "Flamingo Party Tube Inflatable Raft," released in February 2016, and "Inflatable Flamingo Drink Holder," released in March 2014, under its U.S. Trademark Reg. No. 5,119,406 entitled GOFLOATS (collectively, "P&P's Floats"). Prior to manufacturing and selling P&P Floats under the GOFLOATS branded trademark, P&P sold its Inflatable Flamingo Drink Holder under its U.S. Trademark Reg. No. 4,734,885 entitled GOPONG.

8. On or about May 2, 2017, Defendant charged Plaintiff with infringement of the Patent and all claims thereof by reason of the manufacture and offering for sale and

selling the P&P Floats, by the filing of Notice of Claimed Infringement (item no. 361500975715) through eBay's Verified Rights Owner Program.

9. On or about May 18, 2017, Defendant also charged P&P's customer, an eBay seller, of selling P&P's Floats with infringement of the Patent and all claims thereof by reason of offering for sale and selling the P&P Floats through the filing of Notice of Claimed Infringement (item no. 302308286818) through eBay's Verified Rights Owner Program.

10. On information and belief, Defendant has charged other resellers of P&P's Floats with infringement of the Patent and all claims thereof by reason of offering for sale and selling P&P's Floats through the filing of Notice of Claimed Infringement through eBay's Verified Rights Owner Program.

11. On May 23, 2017, P&P's legal counsel notified Defendant that it believed said filings of Notice of Claimed Infringement were unlawful and caused financial and reputational damage to P&P and its resellers. A true and correct copy of the May 23, 2017 letter is attached here to as Exhibit B.

12. On May 26, 2017, Defendant's legal counsel responded to P&P's legal counsel by letter charging P&P with infringement of the Patent and all claims thereof by reason of the manufacture and offering for sale and selling of the P&P Floats. Defendant's legal counsel did not indicate whether Defendant was asserting the Patent against one or both of P&P's Floats. A copy of the May 26, 2017 letter is attached hereto as Exhibit C.

13. There is a substantial and continuing justiciable controversy between Plaintiff and Defendant as to Defendant's right to threaten or maintain suit for infringement of said patent, as to the validity and scope thereof, and as to whether any of Plaintiff's flamingo floats infringe the Patent. P&P is reasonably at legal risk because of this unresolved dispute and is entitled to obtain judicial resolution of the dispute without having to wait for Defendant to commence an action against it.

14. P&P has sustained harm and damages by having its eBay online auction listings removed from eBay based upon Defendant's filing of Notice of Claimed Infringement reports through eBay's Verified Rights Owner Program. There is a substantial risk that this harm and damages will continue.

15. Plaintiff alleges on information and belief that the Patent is invalid, unenforceable, and void, for one or more of the reasons that:

    a. Plaintiff has not infringed the patent.

    b. Defendant, the patentee, was not the first to manufacture flamingo pool floats. P&P manufactured and sold its Inflatable Flamingo Drink Holder on or about March 5, 2014, one (1) year before Defendant even applied for the Patent. In addition to P&P's "Inflatable Flamingo Drink Holder" that was sold over a year before the Patent issued, there are at least two other manufacturers that sold flamingo floats prior to the filing of the Patent application. Specifically, H.J. Stotter Products Corp. sold a "Flamingo Floater" in the 1980s and the Oriental Trading Company sold "Floating Flamingo Coasters" as early as 2001. Each prior art example shares similar design elements with Defendant's Patent and Defendant failed to cite any of this readily available prior art in its patent application. Attached as Exhibit D is a comparison of Defendant's products and the prior art that Defendant failed to cite.

    c. Defendant filed no prior art in support of the Patent; while the patent examiner did cite certain prior art, she failed to cite P&P's Inflatable Flamingo Drink Holder or those of other manufacturers. Defendant's failure to file known prior art was intentional and was intended to deceive the United States Patent and Trademark Office ("USPTO").

    d. Plaintiff's Flamingo Party Tube Inflatable Raft does not resemble the Patent drawings. The shape and contour of the head and neck are completely distinguishable from the design in the Patent. Additionally,

Plaintiff's Flamingo Party Tube has a tail, the Patent does not. A comparison of Defendant's design Patent to P&P's Floats is attached hereto as Exhibit D.

e. Plaintiff's Flamingo Drink Holder does not resemble the Patent drawings. The shape and contour of the head and neck are completely distinguishable from the design in the Patent. Additionally, the shape of the eyes and wing art are different. A comparison of Defendant's design Patent to P&P's Floats is attached hereto as Exhibit D.

## COUNT I

## DECLARATORY JUDGMENT FOR INVALIDITY OVER PRIOR ART

16. The foregoing paragraphs 1 - 15 are incorporated herein by reference.

17. Patent law provides that a design patent may be granted for any "new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171.

18. Defendant's Patent is neither new or original, as P&P and others have manufactured and sold similar flamingo pool floats at least thirty (30) years before Defendant applied for the Patent. Neither Defendant nor the patent examiner cited any of the flamingo pool floats as prior art in the Patent application.

## COUNT II

## INEQUITABLE CONDUCT

19. The foregoing paragraphs 1 – 18 are incorporated herein by reference.

20. Any individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the USPTO, including a duty to disclose all information known to be material to patentability.

21. No prior art was cited by the applicant when the Patent application was filed. On information and belief, the Patent inventor, Mr. Wampold knew of at least Plaintiff's prior manufacture and sale of its "Inflatable Flamingo Drink Holder" prior to filing the Patent application and intentionally withheld that material information from the USPTO with the intent to deceive. On information and belief, Mr.

Wampold knew or should have known about the prior sale and manufacturer of other flamingo related floats that had been in the marketplace for at least 30 years before the Patent application was filed and intentionally withheld that material information from the USPTO with the intent to deceive.

## COUNT III

## NONINFRINGEMENT OF THE PATENT

22. The foregoing paragraphs 1 - 21 are incorporated herein by reference.

23. The test for determining infringement of an ornamental design patent is whether, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the patented and accused designs, as a whole, are substantially the same, and the resemblance is such as to deceive the observer, inducing him or her to purchase one supposing it to be the other.

24. P&P's Floats are not substantially the same as Defendant's Patent.

25. P&P's Floats do not infringe the Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff P&P respectfully requests that the Court enter judgment as follows:

   A. Declaring the Patent is invalid under 35 U.S.C. § 102 or 103;

   B. Declaring that the P&P Floats do not infringe the Patent;

   C. Awarding Plaintiff P&P its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

   D. Awarding Plaintiff P&P such other relief that the Court deems just and proper under the circumstances.

DATED: June 28, 2017                                                   ThornCrest Law

/s/ Kathleen M. Walker
_____
Kathleen M. Walker
Attorneys for Plaintiff

# EXHIBIT A



US00D759182S

## (12) United States Design Patent
### Wampold

(10) Patent No.: **US D759,182 S**
(45) Date of Patent: ★★ **Jun. 14, 2016**

(54) **FLAMINGO FLOAT**

(71) Applicant: **BIGMOUTH, INC.**, Glastonbury, CT (US)

(72) Inventor: **Stephen Wampold**, Glastonbury, CT (US)

(73) Assignee: **BIGMOUTH, INC.**, Glastonbury, CT (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/520,543**

(22) Filed: **Mar. 16, 2015**

(51) LOC (10) Cl. .................................................. 21-06
(52) U.S. Cl.
     USPC ........................................................ **D21/808**
(58) Field of Classification Search
     USPC ......... D21/769–770, 801, 803, 809; 114/253,
              114/345–346; 441/35, 66, 74, 40–42,
              441/129–132; 472/128–129; D12/5, 6, 316;
              D6/392, 595, 596, 601, 604, 605
     CPC ....................................................... B63B 35/76
     See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D280,809 S * | 10/1985 | Wolfe | D12/316 |
| D289,191 S * | 4/1987 | Wolfe | D21/808 |
| D290,152 S * | 6/1987 | Wolfe | D21/597 |
| D302,996 S * | 8/1989 | Wolfe | D21/808 |
| D455,674 S * | 4/2002 | Ancona | D11/162 |
| D487,714 S * | 3/2004 | Weiser | D11/149 |
| D496,410 S * | 9/2004 | Weiser | D11/162 |
| D555,747 S * | 11/2007 | Brown | D21/803 |

* cited by examiner

*Primary Examiner* — Zenia Bennett
(74) *Attorney, Agent, or Firm* — Epstein Drangel LLP; Robert L. Epstein

(57) **CLAIM**

The ornamental design for a flamingo float, as shown and described.

**DESCRIPTION**

FIG. 1 is an isometric view showing the front, top and one side of my design;
FIG. 2 is a front elevation view of my design;
FIG. 3 is a rear elevation view of my design;
FIG. 4 is an elevation view of one side of my design;
FIG. 5 is an elevation view of the other side of my design;
FIG. 6 is a top elevation view of my design; and,
FIG. 7 is a bottom elevation view of my design.

**1 Claim, 3 Drawing Sheets**




# EXHIBIT B



ThornCrest Law
1310 Rosecrans Street
Suite B
San Diego, California 92106

Kathleen M. Walker, Esq.

Direct Dial: 619-871-1237
Fax: 619-501-1621
Email: kathleen@thorn-crest.com
www.thorn-crest.com

May 23, 2017

BigMouth, Inc.
Attn: Legal Department
655 Winding Brook Drive
Glastonbury, CT 06033

Via FedEx and email (eric@bigmouthinc.com)

Re: Notice of Claimed Infringement Reports Regarding P&P Imports, LLC Products

Dear Legal Representative:

This firm represents P&P Imports, LLC, the owner of the GoFloats®, GoSports® and GoPong® brands. It has come to our attention that BigMouth is wrongfully filing Notice of Claimed Infringement ("NOCI") reports via eBay's VeRO program against P&P Imports' eBay listing and the eBay listings of P&P Imports' customers. On May 2, my client has reached out to BigMouth directly to inform you that its listings were wrongfully taken down. Despite that warning, eric@bigmouthinc.com has continued to wrongfully submit NOCI complaints against GoFloats product listings.

Most recently, BigMouth filed NOCI item number 361500975715 against P&P Imports' GoFloats brand alleging copyright infringement. This complaint is unfounded as all of the images posted by GoFloats are registered with the United States Copyright Office as US Copyright Registration Number VA 2-013-842 entitled "P&P Imports 2016 Lookbook." Additionally, BigMouth has been unlawfully filing NOCI complaints against P&P Imports' customers that are selling its products on eBay. For example, on May 18, 2017, eric@bigmouthinc.com filed a NOCI against eBay seller Michigan Color for selling a GoFloats Flamingo PartyTube Inflatable Raft, Float In Style (for Adults and Kids) (eBay item number 302308286818). This complaint was unfounded as all images posted by this seller were provided by P&P Imports.

As you know, each NOCI filed by BigMouth is done so under the penalty of perjury. Moreover, these wrongfully filed complaints violate California statutory and common law. California Business and Professions Code section 17200 prohibits an "unlawful, unfair or fraudulent business act or practice." A single act is actionable; accordingly, each wrongfully filed NOCI constitutes a violation of section 17200.

A cause of action exists for intentional inference with prospective economic advantage because Big Mouth is disrupting and/or diverting P&P Imports and its customers' business relationship by improper methods which fall outside of the boundaries of fair competition. *Baldwin v. Marina City Props., Inc.*, 79 Cal. App. 3d 393, 406 (1978).

A cause of action also exists for negligent interference with prospective economic advantage because, at the very least, Big Mouth acted unreasonably and wrongfully, albeit not intentionally, so as to foreseeably disrupt P&P Imports and its customers' prospective business relations in a manner that is clearly advantageous to Big Mouth. *Id.* At 407.

Your wrongful actions have caused financial and reputational damage to P&P Imports and its customers selling on eBay. Not only have they lost sales, but their eBay accounts may be restricted or fully suspended from eBay. To address the wrongfully filed NOCI complaints and calculate damages, P&P Imports demands that: 1) BigMouth provide e a list of all NOCI complaints filed against any seller of GoFloats, GoSports or GoPong eBay products; and 2) notify eBay immediately of the wrongfully submitted complaints and have all derogatory remarks removed from the eBay accounts. Because of the harmful nature of BigMouth's actions, we require your compliance on or before May 26, 2017. Failure to do so, may result in legal action, including but not limited an injunction.

This letter is sent without prejudice to any of P&P Imports' rights and remedies, which are expressly reserved.

Sincerely,

*Kathleen M Walker*

Kathleen M. Walker

CC: P&P Imports, LLC

# EXHIBIT C



May 26, 2017

Morgan Nickerson
morgan.nickerson@klgates.com

T 617 261 3134
F 617 261 3175

**By US Mail and Email**
kathleen@thorn-crest.com

Kathleen M. Walker, Esq.
ThornCrest
1310 Rosecrans St., Ste. B
San Diego, CA 92106

**Re: Response to P&P Imports, LLC's Letter and Infringement**

Attorney Walker:

My firm represents BigMouth, LLC ("BigMouth") of Glastonbury, Connecticut. Please direct all future correspondence related to this matter to my attention. This letter is sent for two purposes. First, to respond to the baseless claims made in your May 23, 2017 letter. Second, this letter is sent to put you on formal notice of your client's continued infringement of BigMouth's copyright and patent rights. I have enclosed the relevant copyright and patent registrations.

As you will see from the enclosed registrations, my client obtained a copyright on the surface design of its flamingo float as well as a design patent on the shape of its flamingo float. Your client's GOFLOATS trademark registration demonstrates that it did not begin selling its flamingo float until February of 2016 - well after my client obtained its above referenced copyright and patent rights in its flamingo float. Indeed, there is a strong inference that your client was on constructive notice of my client's intellectual property rights when it designed and distributed its infringing flamingo floats. Moreover, there is nothing nefarious or improper about my client reporting to eBay, through the Vero program, listings that infringe on both its copyright and patent rights. Your assertions to the contrary are baseless in law and fact and would be subject to immediate dismissal in any Court. See Bose v. Ejaz, 2011 WL 5402634 (D. Mass.) (dismissing claim of tortious interference premised upon defendant's enforcement of intellectual property rights).

Moreover, please take this letter as formal notice that your client's flamingo float infringes on BigMouth's copyright and patent rights. There is little doubt, either factually or legally, that your client's flamingo float is a knock off or derivative use of my client's original flamingo float design. Thus, all continued sales of this product are with full knowledge of my client's intellectual property rights in the same and will likely be deemed a willful infringement of my client's rights. Therefore, your client's continued resale and distribution of these infringing products entitles my client to damages against your client and those that assist your client in the continued distribution of the infringing products.

Now that there can be no doubt that your client is on notice of BigMouth's copyright and patent rights in its flamingo float, I trust that the concerns expressed in your letter have been resolved and that you will cease and desist from further resale and distribution of your client's infringing

2

floats. Kindly confirm the same in writing by June 1. This letter is sent without prejudice or waiver of any rights should your client continue to infringe upon BigMouth's intellectual property rights.

Sincerely,

Morgan Nickerson

Enclosure

May 25, 2017

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
**VA 1-967-860**
Effective Date of Registration:
August 18, 2015

## Title

    **Title of Work:** Pink Flamingo Pool Float

## Completion/Publication

    **Year of Completion:** 2015
    **Date of 1st Publication:** March 01, 2015
    **Nation of 1st Publication:** United States

## Author

-     **Author:** BigMouth, Inc.
    **Author Created:** 2-D artwork
    **Work made for hire:** Yes
    **Citizen of:** United States
    **Domiciled in:** United States

## Copyright Claimant

    **Copyright Claimant:** BigMouth, Inc.
    655 Winding Brook Drive, Suite 205, Glastonbury, CT, 06033

## Rights and Permissions

    **Organization Name:** BigMouth, Inc.
    **Name:** Stephen Wampold
    **Email:** ip@bigmouthinc.com
    **Telephone:** (860)659-8304
    **Alt. Telephone:** (860)659-8304
    **Address:** 655 Winding Brook Drive
    Suite 205
    Glastonbury, CT 06033 United States

## Certification

    **Name:** Stephen G Wampold



US00D759182S

## (12) United States Design Patent
### Wampold

(10) Patent No.: **US D759,182 S**
(45) Date of Patent: ** **Jun. 14, 2016**

(54) **FLAMINGO FLOAT**

(71) Applicant: **BIGMOUTH, INC.**, Glastonbury, CT (US)

(72) Inventor: **Stephen Wampold**, Glastonbury, CT (US)

(73) Assignee: **BIGMOUTH, INC.**, Glastonbury, CT (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/520,543**

(22) Filed: **Mar. 16, 2015**

(51) **LOC (10) Cl.** .................................................. 21-06
(52) **U.S. Cl.**
USPC .......................................................... **D21/808**
(58) **Field of Classification Search**
USPC ......... D21/769–770, 801, 803, 809; 114/253,
114/345–346; 441/35, 66, 74, 40–42,
441/129–132; 472/128–129; D12/5, 6, 316;
D6/392, 595, 596, 601, 604, 605
CPC ....................................................... B63B 35/76
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D280,809 S * | 10/1985 | Wolfe | D12/316 |
| D289,191 S * | 4/1987 | Wolfe | D21/808 |
| D290,152 S * | 6/1987 | Wolfe | D21/597 |
| D302,996 S * | 8/1989 | Wolfe | D21/808 |
| D455,674 S * | 4/2002 | Ancona | D11/162 |
| D487,714 S * | 3/2004 | Weiser | D11/149 |
| D496,410 S * | 9/2004 | Weiser | D11/162 |
| D555,747 S * | 11/2007 | Brown | D21/803 |

* cited by examiner

*Primary Examiner* — Zenia Bennett
(74) *Attorney, Agent, or Firm* — Epstein Drangel LLP; Robert L. Epstein

(57) **CLAIM**
The ornamental design for a flamingo float, as shown and described.

### DESCRIPTION

FIG. 1 is an isometric view showing the front, top and one side of my design;
FIG. 2 is a front elevation view of my design;
FIG. 3 is a rear elevation view of my design;
FIG. 4 is an elevation view of one side of my design;
FIG. 5 is an elevation view of the other side of my design;
FIG. 6 is a top elevation view of my design; and,
FIG. 7 is a bottom elevation view of my design.

**1 Claim, 3 Drawing Sheets**




# EXHIBIT D



H.J. Stotter Products Corp.
'Flamingo Floater'
circa 1980



Oriental Trading Company
'Floating Flamingo Coasters'
2001



P&P Imports LLC
'Flamingo Drink Holder'
March 2014



Big Mouth Inc.
'Flamingo Float'
Patent Application Filed March 2015



P&P Imports LLC
'Flamingo Party Tube'
February 2016